UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAGENS BERMAN SOBOL SHAPIRO LLP,

    Plaintiff,

v.

ERAN RUBINSTEIN and SUSAN M. BOLTZ RUBINSTEIN,

    Defendants.

CASE NO. C09-0894 RSM

ORDER DENYING DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO COMMENCE DISCOVERY

## I. INTRODUCTION

This matter comes before the Court on two motions: Defendants' "Motion to Dismiss or, in the Alternative, to Transfer or Stay" (Dkt. #17), and Plaintiff's "Motion for Leave to Commence Discovery and for Other Relief" (Dkt. #31). This matter is a contract dispute between Plaintiff Hagens Berman Sobol Shapiro LLC ("Hagens Berman"), and two individual defendants (the "Rubinsteins") who were employed as "of counsel" at Hagens Berman to help the firm acquire new securities class action clients using their extensive contacts. The Rubinsteins were paid $30,000 per month for 12 months. The relationship deteriorated after several months, eventually resulting in this suit filed June 30, 2009, in

ORDER
PAGE - 1

which Hagens Berman alleges breach of contract, breach of duties of good faith and fair dealing, and breach of fiduciary duty.

Hagens Berman moved for a preliminary injunction to, among other things, compel the Rubinsteins to produce client contact information acquired during the "of counsel" employment relationship and documents related to communications with those clients. The Court granted the motion in substantial part (Dkt. #20) and the Rubinsteins appealed. That appeal is still pending.

The Rubinsteins filed their own breach of contract action concerning the same set of facts in Pennsylvania state court on July 9, 2009, a little more than a week after this suit was filed. The Rubinsteins, in the motion presently before this Court, move to dismiss this case, or in the alternative, transfer this case to Pennsylvania, or stay this case pending resolution of the Pennsylvania case. The Pennsylvania Action was later removed to the Eastern District of Pennsylvania. Hagens Berman, defendants in that action, filed a motion to dismiss, stay or transfer that action to this Court. The Eastern District of Pennsylvania has suspended all action in that case until this Court's ruling on the present motion.

Presently, the Rubinsteins argue (1) this action should be dismissed because it was a "preemptive strike" not deserving of first-to-file rule protection, (2) this court lacks personal jurisdiction over them, (3) venue is not proper, and (4) this case should be transferred to Pennsylvania. This Court DENIES Defendants' Motion to Dismiss, Stay or Transfer, and holds that jurisdiction and venue are proper, and this case should continue in the Western District of Washington. The Court also DENIES Plaintiff's Motion for Leave to Commence Discovery for the reasons given below.

## II. MOTIONS TO STRIKE

There are some housekeeping matters the Court must deal with before addressing the pending motions. After the noting date for the Motion to Dismiss, Stay, or Transfer, and after their reply was filed, the Rubinsteins filed an "update" to their motion notifying the Court of a decision in the Central District of California relevant to the motion (Dkt. #34). This notice

of supplemental authority was improper first because it contained argument regarding the case, and second because the case was decided *before* the Rubinstein's filed their Motion to Dismiss, Stay, or Transfer. Hagens Berman then filed a surreply (Dkt. #35) containing a motion to strike, but then, perhaps feeling obligated to do so, improperly added argument attempting to distinguish the Rubinsteins' supplemental authority. This prompted the Rubinsteins to file a surreply to the surreply (Dkt. #36), in violation of local rule CR 7(g), with additional argument. All these filings are stricken for failure to comply with the local rules.

Hagens Berman later filed an "update" informing this Court that the Pennsylvania Action was suspended (Dkt. #39). This was proper because the filing only informed this Court of the objective fact that the other action was stayed and attached the relevant order from the Pennsylvania Action. The Rubinsteins then filed an "Update and Motion to Suspend All Discovery Matters" (Dkt. #40). Hagens Berman moved to strike that filing (Dkt. #41) on the grounds that if it is an update, it is cumulative of the prior update and contains impermissible argument, and if it is a new motion, it is improperly noted and also cumulative of the Motion for Leave to Commence Discovery (Dkt. #31) which was already fully briefed. The Rubinsteins filed a response to Hagens Berman's motion to strike (Dkt. #42) in which they explained that their filing was not a request for a "stay of discovery" but was a request for "suspension" of discovery, and "[a] request for 'suspension' has no legal efficacy, is not a request to stay discovery, and requires no noting date." (Dkt. #42 at 2).

The Court is aware of no rule explaining how a request for suspension of discovery "has no legal efficacy" or why filings that have no legal efficacy should be permitted. When a party makes a "request" for anything is should be in the form of a motion and needs to be properly noted, this one was not. Thus the Court GRANTS Hagens Berman's Motion to Strike the filing at docket number 40. The Court also strikes docket number 42 since it was an improper reply to a motion to strike. *See* Local Rule CR 7(g).

## **III. DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY**

### A. First-to-File

The Rubinsteins argue that Hagens Berman filed this suit in Washington as a "preemptive strike" or "anticipatory defense" to litigation the Rubinsteins threatened to file in Pennsylvania, and consequently the Court should dismiss the action in favor of letting the Pennsylvania Action proceed. The Court has already rejected these arguments. In the Court's Order Granting in Part Plaintiff's Motion for Preliminary Injunction, the court explained:

> The Court also finds no merit in the Rubinsteins' arguments that the instant motion is simply an attempt to circumvent their position as natural plaintiffs in this case.
> . . .
> With respect to the breach of contract claim in Pennsylvania, the Rubinsteins cannot deny that they filed that claim one week after Hagens Berman filed the instant lawsuit in this Court. 'There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district.' *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). This rule, otherwise known as the 'first-to-file' rule, 'was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly.' *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (internal quotations and citations omitted). The rule would apply in this case.

(Dkt. #20 at 10-11). The events surrounding the filing of this litigation simply do not rise to the level of "special circumstances" that would warrant disregarding the first-to-file rule.

### B. Personal Jurisdiction

The Court has personal jurisdiction over a defendant when (1) the defendant personally availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of the defendant's minimum contacts with the forum state, and (3) jurisdiction is reasonable. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Once a plaintiff has shown the first two factors, the defendant has the burden of proving that jurisdiction is unreasonable. *Lake v. Lake*, 817 F.2d 1416, 1422 (9th Cir. 1987).

Here, the Rubinsteins purposefully availed themselves of the privileges of Washington by signing an employment contract with a Washington-based law firm. They traveled to Washington for preliminary meetings that led to the contract. They communicated with Hagens Berman attorneys in Washington while performing the contract and were supervised by a Hagens Berman attorney based in Washington. Finally, the Rubinsteins were paid from Washington accounts. Since this lawsuit arose from the contract and the employment relationship, the claims arise from these contacts.

Jurisdiction is also reasonable. The Rubinsteins, who reside in Pennsylvania, argue that they cannot afford to litigate in Washington. This is simply not credible considering that both Rubinsteins are licensed attorneys experienced in class action lawsuits and were recently paid $360,000 for one year's work. The fact that litigation in Washington might be inconvenient does not make jurisdiction unreasonable. By signing an employment contract with a law firm based in Washington, the Rubinsteins put themselves on notice that they might be haled into a Washington court. Washington also has a strong interest in adjudicating the claims of one of its resident businesses. *See Lake*, 817 F.2d at 1421-22 (listing reasonableness factors). Thus jurisdiction is proper.

**C. Venue**

The federal venue statute, 28 U.S.C. § 1391, provides that in cases based solely on diversity jurisdiction venue is proper, among other places, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In a contract action, courts look to where contract negotiations took place, where the contract was signed, where performance occurred, where breach occurred, and where the parties engaged in business. *Nordquist v. Blackham*, 2006 WL 2597931 (W.D. Wash. 2006).

Here, the Rubinsteins personally visited Seattle on two occasions for preliminary negotiations. Because the contract called for the Rubinsteins to make contacts and find clients all over the world, it is not easy to pin down any specific place where the contract was

performed. However, it is noteworthy that in performing the contract, the Rubinsteins were in constant communication with attorneys in Seattle. *See Schwarz v. Nat'l an Lines, Inc.*, 317 F. Supp. 2d 829, 834 (noting that telephone conversations and correspondence can support "substantial part of events or omissions" venue). Furthermore, the major event prompting this litigation was the Rubinstein's refusal to provide potential client contact information to Mr. Berman, because he allegedly attempted to negotiate contracts with clients the Rubinsteins were seeking in Australia. Mr. Berman is the managing partner of Hagens Berman working out of its Seattle office, thus all communications regarding the core events leading to this suit went through Seattle. The Rubinsteins also filed a disciplinary action against Mr. Berman with the Washington Bar. Hagens Berman alleges that the Rubinsteins failed to disclose problems they had with other law firms, similar to the problems that occurred here, and these omissions occurred, at least in part, in Seattle. Finally, this entire case arises from an employment contract in which the Rubinsteins were to serve as "of counsel" to a Seattle-based law firm, a factor which weighs in favor of venue in this district. Given that a substantial part of the events and omissions leading to this contract dispute occurred in Seattle, venue is proper in this district.

### D. Transfer

The Rubinsteins request that this case be transferred to the Eastern District of Pennsylvania. 28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Hagens Berman disputes whether venue would be proper in the Eastern District of Pennsylvania. Given that the contract was signed in Pennsylvania, the Rubinsteins worked pursuant to the contract at their home office in Pennsylvania, and the correspondence between Hagens Berman and the Rubinsteins went through Pennsylvania, venue is likely proper there based on the "substantial part" test. However, the Court declines to transfer this case because the convenience of the parties and witnesses and the interests of justice do not favor transfer.

In determining whether transfer is appropriate under § 1404(a), the Court must weigh numerous factors, including: (1) the location where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99) (9th Cir. 2000). There is a presumption in favor of plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This presumption is even stronger where, as here, the plaintiff brings suit in his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

The Rubinsteins make no arguments regarding convenience of witnesses or location of evidence. Their sole argument regarding transfer is that litigating in Washington would be financially difficult for them. They assert that they have "absolutely no financial wherewithal to acquire legal representation in Washington." (Dkt. 28 at 6). This argument is unpersuasive given that both Rubinsteins are licensed class action attorneys whose services are worth approximately $360,000 per year, as evidenced by the contract at issue in this case.[1] Furthermore, the Rubinsteins' suit in Pennsylvania seeks damages of $10,000,000, suggesting that they could obtain counsel on a contingency fee basis if those counterclaims were brought in this court.

The Court also notes that "[i]mprovements in communication and transportation have reduced much of the historical burden of litigation in a distant forum." *Decker Coal*, 805

---

[1] The Rubinsteins request an opportunity to present financial records to the Court for in camera inspection. The Court declines. The Court has no special expertise in financial matters, the records would not be subject to cross examination, and there is no way to verify whether all relevant records have been produced. Additionally, it would be unproductive to have a mini-trial on the "inconvenience issue" at this stage.

ORDER
PAGE - 7

F.2d at 841. Although some inconvenience still remains, transferring the case to Pennsylvania would merely shift that inconvenience, not eliminate it.

The other relevant factors either tip slightly against transfer or are in equipoise. As discussed above, this case arises from significant contacts with the Western District of Washington. The parties have not made any arguments regarding convenience to witnesses or location of evidence, and there is no reason to think Pennsylvania would be superior in this regard. It is too early at this stage to know what law will govern the contract in dispute. Accordingly, after all factors have been weighed, there is no reason to disrupt Hagens Berman's choice of forum. The motion to transfer is DENIED.

## **IV. PLAINTIFF'S MOTION TO COMMENCE DISCOVERY**

Hagens Berman moves the Court for leave to commence discovery and requests that the Court order the Rubinsteins to participate in a Rule 26(f) Conference within three days of this order. A Rule 26(f) conference is to be held "as soon as practicable." Fed. R. Civ. Proc. 26(f)(1). The Rubinsteins have declined to commence discovery on the grounds that it is not practicable because discovery might not be necessary if this case were dismissed or transferred. Because the Court has denied the Rubinsteins' Motion to Dismiss, Transfer, or Stay, this claimed impediment no longer exists.

The Court declines to set a three day deadline since there is no evidence that the Rubinsteins will delay discovery now that it is beyond doubt this case will continue in this Court. Such a rigid deadline is not warranted. However, the Court sees no reason why it is not practicable to hold a conference at this time, and is therefore confident the parties will commence discovery shortly in accordance with the Federal Rules of Civil Procedure. No sanctions are warranted at this time, but as always, the Court may impose sanctions on any party who obstructs the discovery process in the future.

## V. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss, Transfer, or Stay (Dkt. #17) is DENIED.

(2) Plaintiff's Motion for Leave to Commence Discovery (Dkt. #31) is DENIED.

(3) Docket Entries 34, 35, 36, 40, and 42 are STRICKEN for failure to comply with local rules.

(4) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 22nd day of October, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE