UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAGENS BERMAN SOBOL SHAPIRO LLP,

    Plaintiff,

v.

ERAN RUBINSTEIN and SUSAN M. BOLTZ RUBINSTEIN,

    Defendants.

No. C09-0894 RSM

ORDER FOR ENTRY OF JUDGMENT AFTER DEFAULT

THIS MATTER comes before the Court on plaintiff's Hagens Berman Sobol Shapiro LLP's ("Hagens Berman") Motion for Entry of Judgment after Default. Defendants Eran Rubinstein and Susan M. Boltz Rubinstein were properly served in this matter (and themselves initiated the other two trial court cases now consolidated with this case) and repeatedly failed to answer, plead, or engage in normal discovery, instead limiting the parties to protracted motion practice here, in Pennsylvania courts, and in appellate courts. After ample opportunity for defendants to answer, plead, and/or participate in normal litigation, the Court entered an order of default against them on August 5, 2011. Dkt. No. 110. Plaintiff now moves for entry of default judgment.

Federal Rule of Civil Procedure 55(b) governs a party's application for default judgment. Where, as here, a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, a plaintiff's application is governed by Fed. R. Civ. P. 55(b)(2).

ORDER FOR ENTRY OF JUDGMENT AFTER DEFAULT (C09-0894 RSM) — 1

Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir.1987). Whether to grant an application for default judgment is within the court's sound discretion. *See Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir.1986). The court is free to consider a variety of factors in exercising that discretion, including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir.1986) (citing 6 *Moore's Federal Practice,* ¶ 55-05[2], at 55-24 to 55-26).

Here, the *Eitel* factors point in favor of granting default judgment. Plaintiff's allegations, taken as true, establish that the Rubinsteins and Hagens Berman entered into a Memorandum of Understanding (the "Agreement") under which the Rubinsteins became "of counsel" to Hagens Berman, and the parties each undertook certain obligations to one another. The Rubinsteins breached the Agreement and breached their fiduciary duties to Hagens Berman by the Rubinsteins' conduct. While there is a possibility of a dispute concerning material facts, there is no evidence in this case that Defendants' default was due to excusable neglect. To the contrary, Defendants were properly served and, following a lengthy series of motions and appeals regarding proper venue, have chosen not to answer the operative complaint. Defendants either intentionally failed to answer, or their negligence is grossly inexcusable. There is a strong policy favoring resolution on the merits, but where such resolution is not possible due to the absence of the Defendant, a default judgment is appropriate. Further, the Court finds that the substantial record in each of the three consolidated cases, combined with Plaintiff's submitted declarations, render an evidentiary hearing unnecessary.

Therefore, having considered plaintiff Hagens Berman's Motion for Entry of Judgment after Default, the accompanying Declarations of Gary Beisheim, Jeniphr Breckenridge, and Malaika Eaton, the default entered by the Clerk on file in this case, the Supplemental and Second Amended Complaint, the Court's earlier determinations that it has jurisdiction over the Rubinsteins and venue is proper, the Court's earlier order consolidating

all related cases with this case for all purposes, and all other relevant papers and pleadings on file with the Court in this matter (including the record in the now consolidated cases),

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

The substantive (i.e. non-damage) allegations of Hagens Berman's Supplemental and Second Amended Complaint are taken as true. As a result of the Rubinsteins' breaches of the Agreement and their fiduciary duties, and as a result of Hagens Berman's meeting its obligations to the Rubinsteins, Hagens Berman overcompensated the Rubinsteins and incurred expenses related to the Rubinsteins of at least $184,872.65.

**AND NOW HEREBY ORDERS:**

1. Hagens Berman is awarded judgment against Defendant Eran Rubinstein and Defendant Susan M. Boltz Rubinstein, jointly and severally, as follows:

| | |
|---|---|
| **DAMAGES FOR BREACHES OF CONTRACT AND FOR BREACH OF FIDUCIARY DUTIES** | $ 184,872.65 |
| **TOTAL JUDGMENT** | $ 184,872.65 |

This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

2. The Court adopts by reference the findings and conclusions in its July 29, 2009 Order Granting in Part Plaintiff's Motion for Preliminary Injunction.

3. Defendant Eran Rubinstein and Defendant Susan M. Boltz Rubinstein and their agents, servants, employees, representatives, successors, and assigns, and all those acting in concert or participation with them shall be, and are

    a. Required to provide to Hagens Berman all information (if any) relating to the Rubinsteins' activities in, or contacts with, Australian entities, purportedly on behalf of Hagens Berman, that the Rubinsteins did not already provide to Hagens Berman in response to this Court's July 29, 2009 Preliminary Injunction (Dkt. 20), including without limitation:

     i. the name and email address and phone numbers for the contact persons for each Australian entity with whom the Rubinsteins have communicated purportedly on behalf of Hagens Berman;

     ii. what the Rubinsteins told each entity identified in item a., and

     iii. copies of all documents referring or relating to any such communications between the Rubinsteins and each such entity.

  4. Defendant Eran Rubinstein and Defendant Susan M. Boltz Rubinstein and their agents, servants, employees, representatives, successors, and assigns, and all those acting in concert or participation with them shall be, and are PERMANENTLY ENJOINED and restrained from making any representations to any person or entity that they have any affiliation with or authority to speak or act on behalf of Hagens Berman.

  5. The consolidated cases, including all claims by any parties thereto, are dismissed with prejudice.

  DATED THIS 27th day of January 2012.

                 _____
                 RICARDO S. MARTINEZ
                 UNITED STATES DISTRICT JUDGE